Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

                                               Chapter 13

Richard Dweck,

                                               Case No. 24-40434 JMM

Debtor.
-----------------------------------------------------X

**THE DEBTOR'S MOTION FOR AN ORDER:
PURSUANT TO 11 U.S.C. § 362(c)(4)(B) IMPOSING AN AUTOMATIC STAY
AND DETERMINING THAT ESTATE PROPERTY IS SUBJECT THERETO
OR IN THE ALTERNATIVE, CONFIRMING THAT THE DEBTOR OBTAINED
A 30 DAY AUTOMATIC STAY UPON THE FILING OF THE INSTANT CASE
AND PROVIDING FOR AN EXTENSION THEREOF PER 11 U.S.C. 362(C)(3)(b)**

**TO: HON. JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE**

       Robert Nadel, Esq, an attorney duly admitted to practice before this Court, affirms as follows:

PRELIMINARY STATEMENT

1. The Debtor requests that this Court enter the pre-fixed order to show cause and enter further orders: a) pursuant to § 362(c)(4)(B) and 362(c)(4)(D)(i)(III) imposing the automatic stay per 11 U.S.C. § 362(a), in this case to all his creditors with respect to the Debtor and property of the Debtor's estate; b) determining that the automatic stay affected the property of the Debtor's estate as of this case's filing; and c) granting the Debtor such other and further relief as this Court deems proper (the "Motion"). This relief is requested because the Debtor filed two Chapter 13 cases. The earlier of the two cases, Case No. 22-424774 ("Case 1") was filed on October 5, 2022, and dismissed on November 21, 2022. The second Chapter 13 case, Case 23-42705 ("Case 2") was filed on July 28, 2023 and dismissed November 29, 2023.

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

2. Alternatively, the Debtor requests that this Court find that the Debtor only had one prior Chapter 13 case which was "pending and then dismissed within the year prior to the filing of the instant case", because Case 1 was dismissed over a year before the filing of the instant case, but administratively closed within the last year. As a result, the Debtor's position is that he only had one prior chapter 13 case which was "dismissed" with the year prior to the instant case, and that the Debtor was entitled to a 30 day stay upon the filing of the instant case. Further, the Debtor requests that the 30 day stay be extended pursuant to 11 U.S.C 362(c)(3)(b).

## JURISDICTION AND VENUE

3. The Debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 12, 2023 (the "Filing Date").

4. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

5. This district is the appropriate venue for this Motion proceeding, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. As described in the Debtor's Affidavit, the Debtor purchased the property located at 1567 East 5th Street, Brooklyn, New York ("Residence") in 2001 for himself and his family. He still resides at the Residence with his spouse and four children, who range in age from 13 to 25.

7. As a result of financial problems which commenced in 2008, the Debtor was unable to make his mortgage payments. Substantial mortgage arrears have accrued since that time.

8. The Debtor filed Case 1 in attempt to address his mortgage arrears. Case 1 was dismissed because the Debtor failed to retain counsel, and as a result he found it difficult to understand and meet the responsibilities required of a Chapter 13 Debtor. In addition it should be noted that the

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

Debtor had heart surgery on October 25, 2022, which was approximately 3 weeks after Case 1 was filed.

9. The Debtor then filed Case 2 on July 28, 2023. As described in the Debtor's Affidavit, the Debtor retained counsel, and requested that this Court authorize a loss mitigation proceeding. The order granting loss mitigation was entered on October 10, 2023. Ultimately, Case 2 was dismissed when the Bank opted not to grant the Debtor a modification of his mortgage.

10. The Debtor has determined that the only was to save the Residence is to liquidate an important asset. Schedule B of the petition lists the Debtor's interest in the Dweck Family Limited Partnership ("Dweck Partnership"). As described in the Debtor's Affidavit, the Dweck Partnership holds a total of six rent generating commercial properties ("the Properties"). The Debtor has decided to sell five of those Properties and utilize the funds derived therefrom to pay off his mortgage, as well as all his remaining debts.

11. The Debtor has indicated that the Properties are collectively valued at approximately five million dollars. As a result of the Debtor's 33% interest in the Dweck Partnership, the Debtor will be entitled to approximately 1.67 million dollars from the sale of the Properties. This is more than a sufficient sum to pay off the Debtor's mortgage and all his remaining debts.

12. This was a difficult decision for the Debtor, because the Properties have been "in the Debtor's family" for fifty years.

13. This is a significant change from both of the Debtor's prior cases. The Debtor now has the assistance of counsel, and the Debtor will no longer be relying solely upon his household income to fund a Chapter 13 Plan.

**THE AUTHORITIES SUPPORTING THE IMPOSITION OF A STAY**

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

14. In an effort to curtail bad faith and repetitive filings by the Debtor, BAPCPA of 2005 amended 11 U.S.C. § 362 to limit the availability of the 11 U.S.C. §362(a)'s automatic stay to repeat filers of bankruptcy petitions.

15. The applicable amendment is 11 U.S.C. § 326(c)(4), which provides:

> (A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and
> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but
>   such presumption may be rebutted by clear and convincing evidence to the contrary)--
>     (i) as to all creditors if—
>     (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
>     (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

>adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
>(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or
>(ii) as to any creditor that commenced an action under subsection
>(d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

16.  The prior cases may subject the Debtor to 11 U.S.C. §362(C)(4).

17. As shown below, the Debtor filed this case in good faith and the automatic stay should be imposed on all of the Debtor's creditors, pursuant to 11 U.S.C. §362(c)(4)(B) and 362(c)(4)(D)(i)(III).

**THE SUBSTANTIAL CHANGE IN THE DEBTOR'S CIRCUMSTANCES WARRANTS EXTENDING THE AUTOMATIC STAY**

18.  11 U.S.C. § 361(c)(4)(D)(i)(III), provides Debtors with the opportunity to avoid the onerous presumption that their third filing is in bad faith.

19. The presumption of a "bad faith filing" can be rebutted if the Court determines that either: (1) the Debtor has experienced a substantial change in his financial or personal affairs since the prior case was dismissed, or (2) there is any other reason to conclude that the latest case will result in a confirmed plan that will be fully performed. *In re Furlong,* 426 B.R. 303, 309 Bankr. C.D. Ill. 2010) (Discussing the comparable 11 U.S.C. §362(c)(3)(C)(i)(III)). In *In re Toor,* 477 B.R. 299, 307 (D. Comm. 2012) wherein the Bankruptcy Court imposed an automatic stay for triple-filing Debtor where that Debtor showed that she: a) could satisfy her obligations;

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

b) could get a plan approved and c) should have an opportunity to file a plan; and d) a plan is feasible.

20. This Debtor has the makings of a confirmable plan of reorganization.

21. He has analyzed his debts and determined that the sale of the Properties as described above, would provide him with a sufficient sum with which to pay off his mortgage and remaining debts.

## ALTERNATIVE RELIEF

22. Alternatively, and as stated above, the debtor requests a determination that Case 1 was dismissed over a year prior to the filing of the instant case.   In this circumstance, the Debtor would be entitled to a 30-day stay. Further, based on the change in circumstance listed above, the debtor would respectfully request that the 30-day stay be extended.

## THE NEED FOR AN ORDER TO SHOW CAUSE

23.  The need for an Order to Show Cause herein in addressed in the attorney application per LBR 9077, and your affirmant will not burden this Court by restating those facts and issues..

**WHEREFORE**, the Debtor requests that this Court grant the Motion and issue orders: a.) pursuant to 11 U.S.C. § 362(c)(4)(B) and 362(c)(4)(D)(i)(III) imposing the automatic stay per 11 U.S.C. § 362(a), in this case to all of his creditors with respect to the Debtor and property of the Debtor's estate; b.) determining that the automatic stay affected property of the Debtor's estate as of this case's filing; or in the alternative, that this Court: a.)   find that the Debtor filed

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

only one case within the prior year, and that the debtor was entitled to a 30 day stay upon the

filing of the instant case, and    c.) granting the Debtor such other and further relief as this

Court deems proper.

Dated: Melville, New York
       January 29, 2024

                            /s/Robert Nadel
                            Robert Nadel, Esq.
                            68 South Service Road, Suite 100
                            Melville, New York 11747
                            (631) 742-3435
                            Nadelaw@optonline.net

Robert Nadel, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
(631) 724-3435

## VERIFICATION

Richard Dweck declares:

1. I am the debtor in this case and have personal knowledge of the facts stated herein.

2. I read the foregoing motion, know its contents and the statements of fact contained therein are true and correct to the best of my knowledge.

3. I declare the foregoing statement of facts to be true and correct, under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: Melville, NY
       January 29, 2024

                                        /s/Richard Dweck
                                        RICHARD   DWECK